IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL GEOFFREY PETERS,** ) | |
| #2019190, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-198-G (BH) |
| ) | |
| **TEXAS DEPT. OF CRIMINAL** ) | |
| **JUSTICE, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he timely pays the full filing fee for this case.

**I. BACKGROUND**

Michael Geoffrey Peters (Plaintiff), an inmate in the Texas Department of Criminal Justice (TDCJ), sues TDCJ, its director, the State of Texas, a rabbi, and the prison chaplain, under 42 U.S.C. § 1983 for alleged violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and discrimination. (*See* doc. 3 at 3.)[2] He claims that he has not been allowed to practice his Jewish faith, receive kosher meals, or participate in the Jewish Program at the prison. (*Id.* at 8-17.) He also claims that the prison facility has stopped selling tennis shoes in the commissary, and while inmates' families may purchase and send them shoes, he is not allowed to purchase his own shoes through a catalog, which constitutes discrimination. (*Id.* at 13.) Plaintiff seeks testing to prove that he is Jewish as well as injunctive and monetary relief. (*Id.* at 4, 18-21.) No process has been issued.

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. THREE STRIKES

As a prisoner seeking to proceed without prepayment of fees, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, including one that he recently also filed on behalf of himself and his minor, and has incurred monetary sanctions. *See Peters v. United States Republican Party,* No. H-22-893, (S.D. Tex. July 19, 2022) (listing 13 prior civil actions filed by Plaintiff that were dismissed as frivolous or for failure to state a claim, denying leave to proceed without prepayment of fees, and dismissing the case under the three strikes rule); *see also Peters v.United States*, No. 4:22-cv-617, 2022 WL 945614, at * 1 (S.D. Tex. Mar. 14, 2022) (noting that "[c]ourt records confirm that [Plaintiff], who has filed more than 70 civil actions and appeals in the federal courts while incarcerated, has incurred well over three strikes for filing frivolous and malicious cases" as well as "monetary sanctions for his abuse of judicial resources"). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff's filing makes no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

## III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full $402 filing fee[3] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 27th day of January, 2023.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account; the $52 administrative fee will not be deducted. *Id.*